IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| JUAN MANUEL VIDAL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-383 |
| | § | |
| | § | |
| HYDROSTEAM OILFIELD | § | |
| SERVICES, LLC and TYLER | § | |
| CROW | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is a suit for damages brought by JUAN MANUEL VIDAL, Plaintiff, against HYDROSTEAM OILFIELD SERVICES, LLC, and TYLER CROW, Defendants, on the following grounds:

### Parties, Jurisdiction, and Venue

1. Plaintiff, JUAN MANUEL VIDAL, is an individual who resides in Atascosa County, Texas.

2. Defendant, HYDROSTEAM OILFIELD SERVICES, LLC, is a New Mexico limited liability company that maintains its principal place of business in Lea County, New Mexico. This Defendant may be served with process by serving its registered agent for service in New Mexico, Eloisa Moreno, P.O. Box 3161, Hobbs, New Mexico 88241.

3. Defendant TYLER CROW is an individual who resides in Lea County, New Mexico. He may be served with process at his residence, 9607 N. Plainfield Drive, Hobbs, New Mexico 88242.

4. At both the time of the incident giving rise to this suit and filing of this suit, Plaintiff was a citizen of Texas. Upon present information and belief, all of Defendant Hydrosteam Oilfield Services, LLC's members are Citizens of New Mexico, so this Defendant is also deemed to be a citizen of New Mexico. Defendant Tyler Crow was, at both the time of the incident giving rise to this suit and filing of this suit, a citizen of New Mexico. Accordingly, there was complete diversity of citizenship between Plaintiff and Defendants at both the time of the incident giving rise to this suit and the filing of this suit. The subject matter of the claim exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, this court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

5. Defendants are subject to the Court's personal jurisdiction in the District of New Mexico because it this is the district in which all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred and the district in which both Defendants are residents.

## Factual Background

6. On or about December 2, 2021, Plaintiff was driving a work truck northwest on State Road 529 in Lea County, New Mexico when he saw an 18-wheeler, owned by Defendant Hydrosteam and operated by Defendant Crow, driving slowly along the road in front of him. The left turn indicator on the 18-wheeler was not blinking or engaged, nor was there any other indication that the 18-wheeler would attempt a left turn, so Plaintiff attempted to pass to the left. As Plaintiff was in the process of passing, the 18 wheeler suddenly and unexpectedly began to turn left into the lane in which Plaintiff was passing, causing Plaintiff's

truck to collide with the 18-wheeler. As a result of this collision, Plaintiff suffered serious bodily injuries.

### First Cause of Action: Negligence

7. On the occasion in question, Defendant Crow failed to exercise ordinary care in the operation of his vehicle in that he failed to signal a left turn, failed to properly maintain his truck, turned when doing so was unsafe, failed to operate his truck in a safe manner, and failed to avoid a collision with Plaintiff. Defendant Hydrosteam, as owner of the 18-wheeler, failed to exercise ordinary care in that it failed to properly maintain the truck and allowed it to be used with a non-functioning turn signal. This negligence on the part of Defendants was a proximate cause of injuries and damages to Plaintiff.

### Second Cause of Action: Negligence Per Se

8. The actions of Defendant Crow described above further constitute negligence per se in that he violated NM State § 66-7-325. In particular, Crow turned when such movement could not be made with reasonable safety, failed to signal to others who might have been affected by such movement continuously during not less than the last one hundred feet traveled by the vehicle before turning, and stopped or suddenly decreased speed without first giving the required signal to vehicles to the rear of his truck. This negligence per se was a proximate cause of injuries and damages to Plaintiff.

### Respondeat Superior/Vicarious Liability/Negligent Training and Supervision

9. At all times material to this action, Defendant Crow was operating within the course and scope of his employment with Defendant Hydrosteam. Accordingly, Hydrosteam is vicariously liable for the actions of Defendant Crow under the theory of respondeat

superior. Additionally, Hydrosteam failed to exercise reasonable care in supervising and training Defendant Crow in that it failed to ensure the truck he was driving had a functioning turn indicator, allowed him to operate a truck with a faulty turn indicator, and failed to train him to properly indicate before turning. Hydrosteam and Crow are thus jointly and severally liable for Plaintiff's damages.

## **Damages**

10. As a result of the actions of Defendants described above, Plaintiff has incurred, and will incur in the future, damages for medical care and treatment, lost earnings and lost earning capacity, physical pain and suffering, mental and emotional pain and suffering; loss of enjoyment of life; loss of household services; permanent and temporary impairment, and disfigurement. Plaintiff seeks an award of these damages in an amount to exceed the minimum jurisdictional limits of this Court.

## **Jury Demand**

11. Plaintiff demands trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays that Defendants be cited and appear herein, for an early trial by jury, and upon trial, judgment for the following:

    a. actual damages in an amount to exceed the minimum jurisdictional limits of this Court;

    b. pre-judgment and post-judgment interest at the highest rates allowed by law;

    c. costs of court; and

    d. general relief.

Respectfully submitted,

BAYNE, SNELL & KRAUSE
1250 N.E. Loop 410, Suite 725
San Antonio, Texas 78209
Telephone: (210) 824-3278
Telecopier: (210) 824-3937
Email: dsnell@bsklaw.com

By: *David C. "Clay" Snell*
David C. "Clay" Snell
N.M. Bar No. 14125
ATTORNEY FOR PLAINTIFF